# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 3:97-0107-01 |
| v. | ) | Chief Judge Haynes |
| | ) | |
| DARRELL MCQUIDDY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On February 18, 1998, Defendant pled guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (Count 4); using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and aiding and abetting in violation of 18 U.S.C. § 2 (Count 9); conspiracy to commit money laundering and money laundering in violation of 18 U.S.C. § 1956 (Counts 28 and 45); unlawful monetary transactions in violation of 18 U.S.C. § 1957 aiding and abetting (Counts 40 and 42). (Docket Entry No. 803, Plea Petition and Agreement). On November 25, 1998, the Court sentenced Defendant to 235 months on Counts 4, 28 and 45 and 120 months on Counts 40 and 42, to all run concurrently, and 60 months on Count 9, to run consecutively to the other counts. (Docket Entry No. 1327, Judgment).

Before the Court is Defendant's pro se motion for reduction of his sentence (Docket Entry No. 1629), to which the Government has responded (Docket Entry No. 1632). Defendant contends that his sentence should be retroactively reduced under 18 U.S.C. § 3582(c)(2), amendment 750 to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10 and the Fair Sentencing Act of 2010 ("FSA") that lowered the base offense levels applicable to cocaine base or crack offenses. (Docket Entry No. 1629). In response, the Government contends that Defendant's motion should be denied because the amendment does not apply to this action, as

Defendant's guidelines calculations were based on the distribution of cocaine rather than cocaine base. (Docket Entry No. 1632).

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Such reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The Sentencing Commission's Guidelines policy statement provides that a retroactive sentence reduction is not consistent with the policy statements if "(A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(A),(B).

Here, Defendant admitted responsibility for 400 kilograms of cocaine that placed him at a base offense level of 38 (Docket Entry No. 803). Under the Sentencing Guidelines, a base offense level of 38 is applicable when the offense involves 150 kilograms or more of cocaine. U.S.S.G. § 2D1.1(c)(1). As Defendant's base offense level remains at 38 under amendment 750, a reduction of Defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with U.S.S.G. § 1B1.10.

Defendant is also not entitled to a sentence reduction under the FSA as Defendant was sentenced before the FSA's August 3, 2010 enactment and the FSA is not retroactive. See United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010), cert. denied, 131 S.Ct. 1706 (2011) ("[T]he Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language."); see also United States v. Allen, No. 10-5914, 2012 WL 3038171, at *1 (6th Cir. July 26, 2012) (recognizing that in Dorsey v. United States, 132 S.Ct. 2321, 2326 (2012), the Supreme Court clarified that the FSA

applies retroactively to all offenders sentenced after the FSA's effective date, regardless of whether the crimes were committed prior to the FSA's enactment); United States v. Horn, 612 F.3d 524, 527-28 (6th Cir. 2010).

Accordingly, Defendant's motion for reduction of his sentence (Docket Entry No. 1629) is **DENIED**.

It is so **ORDERED**.

ENTERED this the 1st day of October, 2012.

WILLIAM J. HAYNES, JR.
Chief United States District Judge